1
2
3
4
5
6

**SULAIMANLAW GROUP**
Alexander J. Taylor
2500 South Highland Ave
Suite 200
Lombard, Illinois 60148
Telephone: 331-307-7646
Facsimile: 630-575-8188
Email: ataylor@sulaimanlaw.com
*Attorney for the Plaintiff*

7
8

### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA

9

NYCOLE A. BERKELEY,

10

Plaintiff,

11

12

v.

13

14
15

IQ DATA INTERNATIONAL INC., and
SOUTH STREET FAMILY
APARTMENTS, L.P., d/b/a SOUTH
HILLS CROSSING APARTMENT,

16

Defendants.

17

Case No.  5:23-cv-01442

**COMPLAINT FOR DAMAGES**

1.  **VIOLATION OF THE FAIR DEBT
    COLLECTION PRACTICES ACT, 15
    U.S.C. § 1692 *ET SEQ.***

2.  **VIOLATION OF THE ROSENTHAL
    FAIR DEBT COLLECTION
    PRACTICES ACT, CAL. CIV. CODE
    § 1788 *ET SEQ.***

**JURY TRIAL DEMANDED**

18

### <u>COMPLAINT</u>

19

**NOW COMES** NYCOLE A. BERKELEY ("Plaintiff"), by and through her undersigned

20

counsel, complaining as to the conduct of IQ DATA INTERNATIONAL, INC. ("IQ Data"), and

21

SOUTH STREER FAMILY APARTMENTS, L.P., doing business as, SOUTH HILLS

22

CROSSING APARTMENTS ("South Hills")(collectively, "Defendants") as follows:

23
24

### NATURE OF THE ACTION

25

1.      Plaintiff brings this action seeking redress for IQ Data's violations of the Fair Debt

26

Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. § 1692 *et seq.*, and Defendant's

27

violations of  the Rosenthal Fair Debt Collection Practices Act ("RFDCPA") pursuant to Cal. Civ.

28

Code § 1788 *et seq.*

**JURISDICTION AND VENUE**

2.     Subject matter jurisdiction is conferred upon this Court by the FDCPA, and 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States.

3.     This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367(a).

4.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Plaintiff resides in the Northern District of California and all of the events or omissions giving rise to the claims occurred in the Northern District of California.

**PARTIES**

5.     Plaintiff is a consumer, and a natural person over 18-years-of-age who, at all times relevant, resided in the Northern District of California.

6.     IQ Data is a debt collector who engages in collecting or attempting to collect, directly or indirectly, default debts owed or due using mail, credit reporting, and telephone from consumers across the country, including consumers in the state of California. IQ Data's principal place of business is located at 21222 30th Dr. SE, Suite 12, Bothell, Washington 98021.

7.     South Hills Crossing Apartment is a multifamily housing complex that located at 313 South St. San Luis Obispo, CA 93401("subject property"). South Hills Crossing Apartment is owned and operated by South Street Family Apartments, L.P. who operate and develop section 8 housing to low income communities. South Street Family Apartments, L.P. is located at 1650 Lafayette St., Santa Clara, CA 95050.

**FACTS SUPPORTING CAUSE OF ACTION**

8.     In 2022, after moving out of her apartment unit at South Hills in San Luis Obispo, Plaintiff had a remaining balance of $748 ("subject debt") owed to South Hills.

2

9.     Sometime thereafter, IQ Data acquired the right to collect on the defaulted subject debt.

10.    On February 8, 2023, Plaintiff received a letter in the mail from IQ Data attempting to collect on the subject debt. However, the amount IQ Data was attempting to collect on was $1,910.94. Per the collection letter, the principal amount was $1,612.35 with $298.59 interest due.

11.    Subsequently thereafter, Plaintiff contacted IQ Data to dispute the amount it was collecting on. Plaintiff told IQ Data that she does not owe $1,910.94 and asked IQ Data for an itemized statement.

12.    IQ Data asked Plaintiff to pay $50 per month while her account is in dispute and under review, which Plaintiff agreed to and provided IQ Data with her credit card.

13.    Plaintiff then called South Hills to verify the amount she owes. South Hills stated that Plaintiff owed $748.

14.    On February 22, 2023, Plaintiff drove to South Hills' office in San Luis Obispo and paid the full amount of $748 to South Hills and was given a receipt verifying that the balance was paid off.

15.    On February 22, 2023, Plaintiff called IQ Data and explained that the subject debt was paid in full, that balance is $0 and that she no longer owes the subject debt.

16.    IQ Data told Plaintiff that her account is still under review despite Plaintiff paying off the subject debt to South Hills.

17.    On February 28, 2023, Plaintiff emailed IQ Data with supporting documents showing that she paid South Hills $748 and that the subject debt was paid in full.

18.    IQ Data then attempted to repeatedly take unauthorized payments from her credit card but was blocked by Plaintiff when she froze her credit card.

19.    On February 24, 2023, at 8:30 am, 12:35 pm, and 4:06 pm, IQ Data attempted to

charge Plaintiff's credit card for the amount of $1,906.61, without Plaintiff's authorization.

20.    On February 25, 2023, at 11:19 am, and 12:06pm, IQ Data attempted to charge Plaintiff's credit card for the amount of $1,906.61, without Plaintiff's authorization.

21.    On February 27, 2023, at 8:12 am, IQ Data attempted to charge Plaintiff's credit card for the amount of $1,906.61, without Plaintiff's authorization.

22.    Despite IQ Data knowing that she no longer owed a balance on the subject debt, IQ Data knowingly and willfully continued to attempt to illegally withdraw funds from Plaintiff's credit card in an attempt to illicit gains from Plaintiff personally.

23.    Concerned about violations of her rights, Plaintiff sought the assistance of counsel to permanently cease IQ Data's collection efforts.

**DAMAGES**

24.    Defendant's wanton and malicious conduct of attempting to collect on a debt that is not owed has severely impacted Plaintiff's daily life and general well-being.

25.    Plaintiff has expended time and incurred costs consulting with her attorney as a result of Defendant's unfair, deceptive, and misleading actions.

26.    Plaintiff was unduly inconvenienced and harassed by Defendants' unlawful attempts to collect the subject debt.

27.    Defendant's harassment and illegal collection activities have caused Plaintiff actual harm, including but not limited to, out of pocket expenses, invasion of privacy, nuisance, wasting Plaintiff's time, increased risk of future identity theft, harassment, depression, emotional distress, anxiety, and loss of concentration.

4

<u>**C**OUNT **I** - **V**IOLATIONS OF THE **F**AIR **D**EBT **C**OLLECTION **P**RACTICES **A**CT</u>

28.    Plaintiff restates and realleges paragraphs 1 through 27 as though fully set forth herein.

29.    Plaintiff is a "consumer" as defined by FDCPA § 1692a(3).

30.    The subject debt is a "debt" as defined by FDCPA § 1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

31.    IQ Data is a "debt collector" as defined by § 1692a(6) because its primary business is the collection of delinquent debts and it regularly collects debts and uses the mail, the telephones, and credit reporting to collect defaulted accounts allegedly owed to a third party.

32.    Moreover, IQ Data is a "debt collector" because it acquired rights to the subject debt after it was in default. 15 U.S.C. § 1692a(6).

33.    IQ Data used collection letters to attempt to collect the subject debt and, as such, engaged in "communications" as defined in FDCPA § 1692a(2).

34.    IQ Data violated 15 U.S.C. § 1692e, e(2), e(10), f and f(1) through its unlawful debt collection practices.

**a.      Violations of FDCPA § 1692e**

35.    Pursuant to 15 U.S.C. § 1692e of the FDCPA, a debt collector is prohibited from making "any false, deceptive, or misleading representation" in connection with the collection of any debt.

36.    IQ Data violated § 1692e and e(2) when it falsely misrepresented the character, amount, or legal status of the subject debt. After acquiring the rights to the subject debt, IQ Data attempted to collect on a debt for more than the actual amount. Plaintiff moved out of her South Hills unit with a remaining balance of $748, however, IQ Data sent Plaintiff collection letters attempting to collect $1,910.94. This amount is patently incorrect because at no point did Plaintiff

owe South Hills more than $748 after she moved out of her unit.

37.     Moreover, after Plaintiff paid off the remaining balance of the subject debt directly to South Hills, IQ Data falsely attempted to collect the subject debt from Plaintiff despite Plaintiff providing IQ Data with the necessary documents to prove that she paid of the remaining balance.

38.     IQ Data violated § 1692 e(10) by using false, deceptive, and misleading representation in connection to the collection of the subject debt. In order to secure payments of the subject debt, IQ Data falsely misrepresented Plaintiff's legal obligation to pay subject debt despite Plaintiff not owning the subject debt and having no legal obligation to pay.

39.     Furthermore, as stated above, IQ Data attempted to repeatedly take unauthorized payments from Plaintiff's credit card on February 24, 25, and 27, 2023, in the amount of $1,906.61.

40.     As an experienced debt collector, Defendant knew or should have known the ramifications of using deceptive and misleading means to attempt to collect debt not owed.

**b.     Violations of FDCPA § 1692f**

41.     IQ Data violated § 1692f when it used unfair and unconscionable means to collect the subject debt from Plaintiff. After paying off the remaining balance of $748 directly to South Hills, IQ Data still attempted to collect on the erroneous amount of $1,910.94, despite Plaintiff not owing the subject debt.

42.     Moreover, after Plaintiff paid off the subject debt, IQ Data attempted to repeatedly take unauthorized payments from Plaintiff's credit card on February 24, 25, and 27, 2023, in the amount of $1,906.61.

43.     These actions taken by IQ Data are unconscionable as they attempted to charge Plaintiff significant sums of money for a debt she no longer owes without her authorization.

44.     IQ Data violated § 1692f(1) because Plaintiff was not liable for the subject debt as it was paid in full. Plaintiff was confused as to why the Defendant would be collecting on a debt

that was paid in full.

45.     Moreover, IQ Data attempted to collect on more than was owed as South Hills confirmed that the amount Plaintiff was responsible for was $748.

46.     Furthermore, after Plaintiff paid of the remaining balance of the subject debt, IQ Data attempted to charge Plaintiff's credit card on February 24, 25, and 27, 2023, in the amount of $1,906.61, despite her not owing the debt or giving IQ Data the authorization to do so.

47.     As an experienced debt collector, Defendant knew or should have known the ramifications of collecting on a debt not owed at the time it made demands for payment.

48.     As pled above, Plaintiff was harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff NYCOLE A. BERKELY, respectfully requests that this Honorable Court:

a.     Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b.     Award Plaintiff actual damages, in an amount to be determined at trial, for the underlying FDCPA violations, pursuant to 15 U.S.C. § 1692k;

c.     Award Plaintiff statutory damages of $1,000.00 for the underlying FDCPA violations, pursuant to 15 U.S.C. § 1692k;

d.     Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FDCPA violations, pursuant to 15 U.S.C. § 1692k;

e.     Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. § 1692k; and

f.     Award any other relief as this Honorable Court deems just and appropriate.

**COUNT II - VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**
**(AGAINST IQ DATA)**

49.     Plaintiff restates and realleges paragraphs 1 through 48 as though fully set forth

herein.

50.     Plaintiff is a "person" as defined by Cal. Civ. Code § 1788.2(g).

51.     The subject debt is a "debt" and "consumer debt" as defined by Cal. Civ. Code § 1788.2(d) and (f).

52.     IQ Data is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

**a.      Violations of RFDCPA § 1788.17**

53.     The RFDCPA, pursuant to Cal. Civ. Code § 1788.17 states that "Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Section 1692b to 1692j, inclusive of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code."

54.     As outlined above, through its conduct in attempting to collection upon the subject debt, IQ Data violated 1788.17; and 15 U.S.C. §§ 1692e, e(2), e(10), f, and f(1) of the FDCPA. Therefore, IQ Data engaged in noncompliant conduct in its attempts to collect debts not owed from Plaintiff, in violation of the RFDCPA.

55.     IQ Data willfully and knowingly violated the RFDCPA through its unlawful collection efforts. IQ Data's willful and knowing violations of the RFDCPA should trigger this Honorable Court's ability to award Plaintiff statutory damages of up to $1,000.00, as provided under Cal. Civ. Code § 1788.30(b).

56.     As alleged above, Plaintiff was harmed by IQ Data's misrepresentations in connection with the collection of the subject debt not owed by Plaintiff.

**WHEREFORE**, Plaintiff NYCOLE A. BERKELY, respectfully requests that this Honorable Court:

a.      Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

8

b.      Award Plaintiff actual damages, in an amount to be determined at trial, for the underlying RFDCPA violations, pursuant to 15 U.S.C. § 1692k;

c.      Award Plaintiff statutory damages of $1,000.00 for the underlying RFDCPA violations;

d.      Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying RFDCPA violations;

e.      Award Plaintiff costs and reasonable attorney's fees; and

f.      Award any other relief as this Honorable Court deems just and proper.

## COUNT II - VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
### (AGAINST SOUTH HILLS CROSSING APARTMENTS)

57.     Plaintiff restates and realleges paragraphs 1 through 56 as though fully set forth herein.

58.     Plaintiff is a "person" as defined by Cal. Civ. Code § 1788.2(g).

59.     The subject debt is a "debt" and "consumer debt" as defined by Cal. Civ. Code § 1788.2(d) and (f).

60.     South Hills is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

**a.      Violations of RFDCPA § 1788.17**

61.     The RFDCPA, pursuant to Cal. Civ. Code § 1788.17 states that "Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Section 1692b to 1692j, inclusive of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code."

62.     As outlined above, through its conduct in assigning the subject debt to IQ Data, South Hills violated 1788.17; and 15 U.S.C. §§ 1692e, e(2), e(10) and f of the FDCPA. Therefore, South Hills engaged in noncompliant conduct in its attempts to collect debts not owed from Plaintiff, in violation of the RFDCPA.

9

63.     Specifically, South Hills violated the 1788.17 when it assigned the subject debt to IQ Data for collection for the wrong amount. In assigning the subject debt, South Hills assigned the debt for $1,612.35, despite Plaintiff only owing South Hills $748 at the time she moved out of her unit.

64.     Moreover, South Hills violated the above statue when it assigned IQ Data the subject debt after Plaintiff paid off the remaining balance in full and had no obligation to pay the subject debt to IQ Data.

65.     South Hills willfully and knowingly violated the RFDCPA through its unlawful collection efforts. South Hills willful and knowing violations of the RFDCPA should trigger this Honorable Court's ability to award Plaintiff statutory damages of up to $1,000.00, as provided under Cal. Civ. Code § 1788.30(b).

66.     As alleged above, Plaintiff was harmed by South Hills' misrepresentations in connection with the collection of the subject debt not owed by Plaintiff.

**WHEREFORE**, Plaintiff NYCOLE A. BERKELY, respectfully requests that this Honorable Court:

a.     Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b.     Award Plaintiff actual damages, in an amount to be determined at trial, for the underlying RFDCPA violations, pursuant to 15 U.S.C. § 1692k;

c.     Award Plaintiff statutory damages of $1,000.00 for the underlying RFDCPA violations;

d.     Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying RFDCPA violations;

e.     Award Plaintiff costs and reasonable attorney's fees; and

10

f.      Award any other relief as this Honorable Court deems just and proper.

**Plaintiff demands trial by jury.**

Date: March 28, 2023                                        Respectfully submitted,

                                                            **NYCOLE A. BERKELY**

                                                            By: */s/ Alexander J. Taylor*

                                                            Alexander J. Taylor, Esq.
                                                            Atlas Consumer Law
                                                            2500 S. Highland Avenue,
                                                            Suite 200
                                                            Lombard, Illinois 60148
                                                            Telephone: 331-3077646
                                                            Facsimile: 630-575-8188
                                                            Email: ataylor@sulaimanlaw.com

11